Spencer, J.
delivered the opinion of the court. The plaintiff was nonsuited on the trial, on the principle that a notiee to quit ought to have been given to the defendant, prior to the commencement of the suit. *It is to be inferred from the case, that the defendant, ten or twelve years before the trial, entered on the premises, without any permission from the lessors of the plaintiff. About six years before the trial, Robert Dill, one of the lessors, and who appears to have been entitled only to four sevenths of the land claimed, told the defendant to continue On the land and work it as his own, and that he would sell the same to him. This case is distinguishable from those of Jackson, ex dem. Livingston, v. Bryan,* and Jackson, ex dem. Benton, v. Laughead.† In the former there was an acknowledged tenancy; in the present, *445 the entry was tortious, and the subsequent assent lo the continuance of possession was for the specific and declared object of purchasing. The other case bears less analogy; for, though the tenancy was not in consequence of an express compact, it was irresistibly implied by law. The rights of the parties in the present case, were not mutual; for, the lessors of the plaintiff could not have recovered on the ground of a tenancy, as there does not appear to be any assent by the defendant to the proposition made by one of them, nor any acknowledgment of his right. I still think, that courts of law ought, to the utmost of their power, without invading established principles, to require a notice to quit, where the relation of landlord and tenant exists. In this case I do not perceive a trace of that relation;‡ for, as' has been observed, the first entry was not under the lessors of the plaintiffs, and the subsequent assent of one of the lessors was, that the defendant might hold with a view to a purchase. Under these impressions, we think the judge incorrect, in requiring proof of a notice to quit, and that, therefore, the nonsuit must be set aside, with costs to abide the event of the suit.
Rule granted.

 1 Johns. 332.

 Ante, 75.

 Jackson v. Chase, ante, 37.