The opinion of the Court was delivered by
RICHARDSON, J.
How can this motion be sustained ? Assumpsit presupposes a contract. And can contracts be predicated of an avowed trespass ? This would be to reconcile things opposite in nature. It was argued that a contract might be implied, and certainly as long as the character of the act, done, by the defendant, was doubtful, a contract might be implied, as was admitted and even ruled in a preceding part of this case: but when it was admitted, that the possession was tortious, every characteristic of a contract was excluded. The entry could not be both by tort and by contract; for either destroys the other. Any action bottomed upon a supposed contract must fall; when it is evident there was no contract. If authorities were wanted, Espinasse’s Dig. 61, Gould’s Ed. part 1, comes to this conclusion: “ Therefore no action for use and occupation will lie when possession has been adverse and tortious ; for such excludes the idea of a contract, which in all cases of this action, must be express or implied.” And this position is fully supported by the case of Beril v. Wright, 1 Term Rep. 378, and by that of Smith v. Stewart, 6 John. Rep. 46, and Wharton v. Fitzgerald, 3 Dallas, 503.
If, then, assumpsit would not have lain against A. Marsh, if alive; for this tort, her death cannot give that action against her representatives. In other words, the action which required a contract before her death for its basis, still requires contract, and is essentially the same now as then. To me it appears, that the tort committed in this case, like other trespasses done by force, is one of those wrongs which dies with *1581 defendant. If the plaintiffs could show some actual conver- -* sion of their property into money, as by selling their timber for cash, or by receiving rents for the land, &c., such acts might authorize *465 the action of assumpsit; the receipt of the money, having no inseparable connection with the tort on the freehold, may imply a contract: and so indeed might the bare occupation of the land as long as it is left to implication to determine — whether the occupation was with the permission of the owner or not.
Ellison, for the motion. M'Duffie, contra.
The motion is unanimously refused.
Colcock, Hott, Johnson and Gantt, JJ., concurred.
6 Rich. 161.