HARLEY, Respondent, v. MCAULIFF, et al., Appellants.

1, The sole object of a suit instituted under the St. Louis landlord and tenant act (R. C. 1845, p. 1101; see amendments Sess. Acts, 1847, p. 90; Sess. Acts, 1849, p. 64) is to obtain restitution of the demised premises; neither the justice of the peace before whom suit is brought, nor the appellate court to which the cause may be taken, is authorized to ascertain, so as to bind the tenant collaterally in an action on the appeal bond, the amount of the rent due; no such finding would be evidence against the tenant of the amount of rent due.

*Appeal from St. Louis Land Court.*

Harley, plaintiff in the present action, instituted a proceeding under the St. Louis landlord and tenant act of 1845 (R. C. 1845, p. 1101) and the amendatory act of March 10, 1849 (Sess. Acts, 1849, p. 65), to obtain restitution of cer-

tain premises for the alleged nonpayment of rent to the amount of one hundred and fifty dollars. The justice of the peace rendered judgment of restitution in favor of plaintiff and stated therein the amount of rent due to be one hundred and fifty dollars. This judgment was affirmed on appeal by the St. Louis land court. The judgment of the land court also stated the amount of the rent due, for the nonpayment of which restitution was awarded, to be one hundred and fifty dollars. On the appeal to the land court the bond on which the present suit is founded was given. It was executed under the amendatory act of February 4, 1847 (Sess. Acts, 1847, p. 90), and was conditioned to pay all damages, and rent due and to accrue, and to stay waste. In the present suit the plaintiff claims judgment for one hundred and fifty dollars, due at the date of the judgment of the justice, and four hundred dollars for two years' rent accrued since that date. The court, at the instance of the plaintiff, gave the following instruction : " If the jury believe from the evidence that Justice Wetmore gave judgment for the restitution of the premises in question in favor of plaintiff and against defendant McAuliff, in a suit wherein Harley was plaintiff and McAuliff was defendant, for the nonpayment of one hundred and fifty dollars for three quarters' rent then due, and thereupon defendants, upon an appeal prayed and taken by said defendant McAuliff from said judgment, executed the recognizance read in evidence, and thereupon said judgment was affirmed by the land court of St. Louis county, they will find for plaintiff for the sum of one hundred and fifty dollars found by the justice to be due at the time of the justice's judgment, and also rent thereafter, up to the time of restitution of said premises, at the rate of two hundred dollars a year, not exceeding the amount of the recognizance."

The jury found for plaintiff.

*H. N. Hart* and *P. B. Garesché*, for appellant.

I. The judgment of restitution was no evidence at all that one hundred and fifty dollars or any other precise sum was due for rent. The instruction given was erroneous.

*Gray*, for respondent.

I. The instruction given was proper and legal. One of the necessary and essential questions of inquiry before the justice was the amount of rent due on the premises. He must find the amount due, 1st, in order to know whether plaintiff has made a proper demand; 2d, in order that defendant may know what amount he must pay if he wishes to stop the proceedings and retain possession, as he has a right to do under the act. The amount due was one of the necessary issues to be found by the justice before he could render judgment of restitution. The recognizance recites or refers to the judgment of the justice. It is as if the amount had been stated in the recognizance. The cognizors were estopped to deny that the justice's judgment was good evidence of the amount then due, at least *prima facie*. This was all the instruction in effect declared. (See 1 Greenl. Ev. § 528, 534; 3 Barb. Ch. 341; 3 Comst. 511; 3 Cow. 120; 2 Hill, 478.) It is not claimed that the justice could give judgment for the rent; but in order to give judgment of restitution he had to find that rent was due and the amount of it. The instructions asked by defendants were properly refused

Scott, Judge, delivered the opinion of the court.

The judgment will be reversed for the giving of the instruction asked by the plaintiff. That instruction assumes that the judgment in the justice's court, after being affirmed in the land court, established the amount of rent that was due at the institution of this proceeding. By the act concerning landlords and tenants in St. Louis county, when a complaint is made under it, the sole inquiry is whether any rent is due. As the proceeding is duly to restore the possession to the landlord, whether the rent is due is only a fact in the case necessary to be proved in order to entitle the plaintiff to a judgment; but, when the fact is ascertained that rent is due, the amount due forms no part of the judgment, nor is it necessary to enter it on the record.

Whether the plaintiff would fail in his action if it should turn out that he had demanded more rent than was due is a question not necessary to be determined now, as it does not arise on the record. Such a question could only be raised by an appeal from the justice's court, and on the trial of the appeal in the land court would be brought to this court by a bill of exceptions. By entering the amount of rent proved to be due on the justice's docket or in the record of the land court, the question could not be raised; but the variance between the amount claimed and that proved being a fact, the evidence showing the variance should be preserved in a bill of exceptions and not by entering it on the record.

The justice, then, having no jurisdiction to ascertain the amount of the rent due and demanded, there was error in so much of the instruction given for the plaintiff as related to that subject. So also there was error in that portion of the instruction which took from the consideration of the jury the amount of rent afterwards accruing, and which directed them, as a matter of law, that two hundred dollars was the rent of the premises. Even if the defendant was bound for the rent fixed by the lease, the execution of the lease was not submitted to the jury as a matter of fact. There was evidence in the case from which a jury might have found that the defendant assented to the payment of the rent fixed by the lease. Where the law makes any other person than the lessee named in the lease liable for the rent, such person would be liable according to the terms of the lease.

The second instruction asked by the defendant was properly refused, as the assent of the landlord to the occupation of the premises by the defendant was not necessary. The statute authorizes this proceeding against the tenant or person occupying the premises.

We do not see how the defendant was damnified by the rejection of the record in the case of the plaintiff against Mrs. Rittner as evidence. That proceeding did not claim any rent that is claimed in this suit, and the defendant, though

not liable for the rent there demanded, may have subjected himself to this proceeding by his subsequent conduct.

The judgment will be reversed and the cause remanded; the other judges concurring.