## McNEILL vs. ARNOLD ET AL.

An instruction is not abstract if there be any evidence from which the jury might infer the existence of the fact supposed: and, in such case, this court will not decide whether the evidence be sufficient to warrant the jury in so finding.

Deed of conveyance to a trustee for the benefit of the wife of a third person during life, then to her children, who were minors; *Held*, That the children would not be affected, under the latter clause of *sec.* 5, *chap.* 74, *Gould's Digest*, by any fraud to which the trustee or the wife may have been party or privy.

Where an instruction is not calculated to mislead the jury, or in connection with another instruction is not prejudicial to the appellant, this court will not reverse the judgment because such instruction was inapplicable to the case.

Where *common rumor*, or *general notoriety*, would be evidence of the existence of a fact, the statement by a witness, merely that he was told such fact existed, would be too general to prove it.

A delivery to the husband and wife of the property of the wife, is, in law, a delivery to her; and so, where a witness has sworn, at one time, that the delivery was to her, and, at another, that it was to the husband and wife, there is no such discrepancy as should discredit him.

The question of notice to a subsequent purchaser, of a prior deed of conveyance, does not arise where such deed has been duly acknowledged and recorded.

### Appeal from Dallas Circuit Court.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

CARLTON & YELL, for the appellant.

There is no proof in the case that McNeill, previous to his purchase, ever had any notice, actual or constructive, that Samuel Burke had conveyed the negroes to Glover as trustee for the use of Virgil Burke's wife and children. The fourth instruction was, therefore, purely abstract, and ought not to have been given. *State Bank vs. Williams et al.*, 1st *Eng.* 156; *Carlock vs. Spencer and wife*, 2d *Eng.* 12; *Zachary vs. Pace,*

*4th Eng.* 212; *Sadler et al. vs Sadler,* 16*th Eng.* 628; *Owens use et al. vs. Chandler,* 16 *Eng.* 652.

The eighth instruction is clearly contrary to law: it is, that if defendant McNeill had notice of the plaintiffs' claim before he paid the purchase money, and not that he had *actual notice at the time of his purchase,* in the language of the statute. The statute of frauds (*sec.* 5, *chap.* 74, *Gould's Dig.*.) is plain that the purchaser must have *actual notice at the time of his purchase.*

The court erred in refusing to suffer the defendant to read the evidence of Glover, taken on a former trial, to contradict and impeach his deposition taken and read on this trial. 14 *Geo. Rep.* 196, 197, 7 *Geo. Rep.* 467.

HUTCHINSON, also, for the appellant, argued that the eighth instruction was improperly given, because it withdrew from the jury the question, whether the conveyance in trust was fraudulent, and left before it but the question, whether the defendant had notice of it at any time before the completion of his payments.

WATKINS & GALLAGHER, for the appellees.

Hon. HARRIS FLANAGIN, Special Judge, delivered the opinion of the court.

This is replevin in the detinet for negroes, the stock of which, as claimed by appellees (the plaintiffs below), were bought by Samuel Burke with his means, and by him conveyed to one Glover in trust, for the use of one Lucy Ann Burke, the wife of Virgil J. Burke, (the son of the grantor), for life, or until the youngest child of Lucy Ann Burke, by Virgil J. Burke, should arrive at twenty-one years of age, when the remainder should vest in the children of Lucy Ann Burke by Virgil J. That the purchase was made in the year 1841, and that the slaves remained in the family of Virgil J. Burke until after the death of Lucy, when he sold them to appellant, in the year 1851, who had notice of the appellees' title. That the deed of trust was

acknowledged and recorded in the State of Mississippi, where Virgil J., Lucy and Nathaniel Glover then lived, and where the negroes then were, and it is admitted that, according to the laws of Mississippi, the acknowledging and recording had the same effect as the same acts would have under the laws of this state. That at the time of Hector McNeill's purchase the children of Virgil J. Burke and wife were all minors.

On the part of the appellant, it is insisted that the negroes were bought by Virgil J. Burke with his means, and that, in order to hinder, delay and defraud his creditors, he caused the deed to be made to his father, Samuel Burke, and that the deed from Samuel Burke was made not by him, but by some one else in carrying out the same design. That Virgil J. Burke sold the negroes to him, who was an innocent purchaser without notice.

The appellees represent the children of Virgil J. Burke and wife. There was judgment for appellants, and the case brought to this court, (see 17 *Ark.* 173,) reversed, and upon a trial anew judgment was given for appellees, and appellant, without moving for a new trial, excepted and appealed.

The court below gave the following instruction: " If the jury even believe from the evidence that Virgil J. Burke himself purchased the said negro slaves with his own money, and caused the title thereto to be vested in Samuel Burke, and the same to be conveyed by him to the wife of Virgil J. Burke until her death, or until the youngest child became of age, for the purpose of hindering, delaying or defrauding his creditors, or other persons, of their lawful actions or damages, etc., and that the defendant purchased said slaves from Virgil J. Burke, said McNeill cannot recover upon that ground, if the jury believe from the evidence that the said defendant, at the time of the purchase of said slaves, had actual notice thereof."

The appellant says that this instruction is abstract, because there is no evidence of notice. R. E. Carrington, a witness, testifies that " McNeill stated that they" (the notes for the purchase money) " were given for the purchase of some negroes from Burke, and that they were made payable to Mildred Burke for

the purpose of enabling him to show to the old man Burke that the proceeds of said negroes was for the benefit of V. J Burke's children, and that he was then corresponding, or had done so, with the old man, through whom he expected to get a title."

This court has nothing to do with the truth or weight of this testimony, but only to say, could a jury find notice to McNeill from it.

Under a statute requiring *actual notice* it was held in *Curtis vs. Monday*, 3 *Metcalf* 405, that in order to affect the purchaser " it was held sufficient if it be such as men usually act upon in the ordinary affairs of life;" that the statute uses the phrase ' actual notice,' as equivalent to the constructive notice which is to be presumed from the registry. " But the party claiming · under the unrecorded deed is not required to prove that the party claiming under a subsequent deed or attachment had certain knowledge of the deed, from the debtor to the party claiming under it; such knowledge, for example, as the party claiming by the attachment, or subsequent conveyance, would have if he had seen the first deed executed and delivered to the grantee. Something less than positive knowledge of the fact of the conveyance would be sufficient to constitute actual notice, within the true intent and meaning of the statute." In *Pomroy vs. Stevens*, 11 *Metcalf*, it is held, that occupation and cultivation are not sufficient to find *actual notice* of the deed under which the occupation was held. In Maine, two cases, reported in 26 *Maine* 484 and 29 *Maine* 140, distinctly hold that implied or constructive notice was not sufficient to meet the requirement of the statute of *actual notice.* Without holding that the testimony was such as a jury should have found *actual notice*, yet we think there was some evidence, and the instruction was not abstract.

It is insisted that the eighth instruction was also erroneous, because the latter clause of the fifth section of the statute of frauds, *page* 518 *of Gould's Digest*, is added to the instruction. The clause is, " unless it appear that the grantee in such con-

veyance, or the party to be benefited, was party or privy to the fraud intended." The appellants claim that this clause destroys, for the purposes of this case, the balance of the section, as they insist that Glover, the trustee, and Lucy Ann Burke were parties or privies to the alleged fraud. Glover is not the party benefited, and any fraud by him committed would not affect the appellees.

Without deciding what effect Mrs. Burke's coverture (if any fraud was committed by her) might have in saving her from the exception—the children do not claim through her, and are not affected by her acts. They claimed under a deed from Samuel Burke. It is proven they were minors in 1853, and consequently the oldest was only nine years of age at the time the deed was executed.

The ninth instruction was given, which is: " That if the jury believe from the evidence that Alexander, under the direction of Virgil J. Burke, made the bill of sale of the slaves, Lizzie and her children, to Samuel Burke, that forever precludes Virgil J. Burke from setting up any title thereto, whether the said Virgil J. intended thereby to defraud his creditors or not."

This instruction is not applicable to the case; but would it be likely to mislead the jury? At the defendant's instance, the court instructed the jury, that a conveyance of slaves made with intent to hinder or delay creditors, or other persons, in the collection of debts, is void as to creditors and purchasers prior or subsequent to such conveyance. Take the two instructions together, and the appellants could not have been prejudiced by the first being given.

It is again objected that an answer made by the witness Alexander to the interrogatory " state, if you please, if you know any thing of the pecuniary condition of Virgil J. Burke, at the time or after you sold him said slaves," was stricken out. The answer was, " I knew nothing of his circumstances at the time, but the fact of his having said bill of sale made in the name of his father, caused me to suspect he was embarrassed,

31

and on enquiry afterwards I learned that he was." The answer amounts to this, that he was told that Virgil J. Burke was embarrassed, whether by one or two he does not say. It is possible that on this subject *common rumor* or *general notoriety* might be sufficient. Common rumor or general notoriety are the concurring declarations of many persons. 1 *Greenleaf on Evidence*, 101. The statement here is too general to prove any thing.

It is urged that the court erred in refusing to permit the appellant to discredit a witness' deposition by reading a former deposition of the same witness.

The former deposition does not appear in the record, but as it appears from the plaintiff's brief, the difference is unimportant, it being in one instance that he delivered the negroes to Virgil J. Burke and wife, and in the other that he delivered them to Lucy Ann Burke. The delivery to Burke and wife of the wife's property would have been a delivery to the wife, in law.

The court instructed the jury, at the instance of Arnold, that if the jury believed from the testimony that the said Hector McNeill did not pay the purchase money agreed upon to be paid, prior to notice of the plaintiffs' claim, the jury must find for the plaintiffs.

It is unnecessary to decide this instruction, because it has been held by this court that where a jury would be compelled to find the same way upon the same state of facts, this court will not reverse, as held in *Patterson vs. Fowler*, 21 *Ark.*, and numerous other cases.

The instruction is intended to prevent McNeill from sustaining his defence under the 5th section of the statute of frauds, *Dig.* 548, which provides that " no such conveyance or charge shall be deemed void in favor of an innocent subsequent purchaser, if the deed or conveyance shall have been duly acknowledged, or proven, and recorded, or the purchaser have actual notice thereof at the time of the purchase."

In this case, the deed was, without question, acknowledged

and recorded, and whatever strength there might be in other branches of the defence, the question of notice is wholly immaterial.

Holding, therefore, there are no errors which can prejudice the appellant, the decree is affirmed.

Mr. Justice Compton did not sit in this case.