## THE STATE OF IOWA v. CARNAHAN.

1. **Instruction.** When, on the trial of a criminal action, the court grouped together many facts legitimately provable in such a case, and which the evidence did tend to establish, and instructed the jury that "such facts as these, if shown by the testimony, constitute circumstantial evidence; circumstantial evidence is legal evidence, and convictions had upon it are legal convictions; in the case before them, the jury will look at all the evidence, and from it make up their minds as to the guilt or innocence of the defendant:" *Held,* That while that mode of instructing a jury should not be encouraged, it was not necessarily erroneous.

2. —— That the facts thus grouped were all against the defendant, would not render the instruction erroneous, as it was competent for the defendant to ask and have given an instruction, grouping the facts in his favor.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 20.

INDICTMENT for grand larceny. Trial by jury; verdict of guilty, and judgment accordingly, from which the defendant appeals.

*J. C. & B. J. Hall* and *C. Ben Darwin* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

COLE, J. — After the jury had heard the evidence and arguments of counsel, the court gave instructions asked

1. INSTRUC-
TION.

by the respective counsel, and also gave one instruction on his own motion, wherein he grouped together many facts, legitimately provable in such a case, and which the evidence tended to establish, and instructed the jury that "such facts as these, if shown by the testimony, constitute circumstantial evidence. Circumstantial evidence is legal evidence, and convictions had upon it are legal convictions. In the case before them, the jury will look at all the evidence, and from it make up their minds as to the guilt or innocence of the defendant." The giving

of this instruction is the only error argued or relied upon in this court.

While we would not encourage this mode of giving instructions, it is not necessarily erroneous, as was determined by this court in the case of *Pritchett et al.* v. *Overman*, 3 G. Greene, 531; and we now see no good reason for overruling that decision. But it is claimed in argument here, that the facts thus grouped together by the court all bear upon one side, and against the defendant. This may be true; and it may be the fault rather than the misfortune of the defendant, that such is the bearing of all the facts proven in the case. If there were, however, any facts shown, or which the evidence tended to show, bearing in his favor, it was clearly competent for his counsel to group them together in like manner, and ask the court to give such instruction to the jury, and a refusal to give it would doubtless be error; but a failure to give such instruction, without request, cannot be regarded as error. In *McCausland et al.* v. *Cresap et al.*, 3 G. Greene, 161, this court, upon a like question, per WILLIAMS, Ch. J., used the following language: "If the charge were not sufficiently direct on this, or any other point involved in the case, it was in the power of the defendant's attorney to request of the court, in writing, instructions in such a manner as to bring the matter directly to the mind of the court, and have it on the law, presented to the jury. Unless the instruction of the court below be in violation of the law, or unless the court upon request, duly made by the party interested, or his attorney, in writing, refuse to give proper instruction in the case, this court will not interfere when the instruction, as far as given, is substantially correct, or is not calculated to mislead the jury." See also, *Miller* v. *Bryan*, 3 Iowa, 58. These cases are decisive of this, and the judgment must be

Affirmed.