[No. 886.]

# C. H. HANSON, ADMINISTRATOR OF THE ESTATE OF A. L. PAGE, DECEASED, RESPONDENT, v. JOHN CHIATO-VICH ET AL., APPELLANTS.

FINDINGS—DOCUMENTARY EVIDENCE MUST BE EMBODIED IN A STATEMENT.— Neither the findings of the court below, nor the documentary evidence admitted at the trial will be considered in the appellate court unless embodied in the statement or identified as required by statute.

PRESUMPTION AS TO OWNERSHIP OF PROPERTY.—Where personal property is shown to be the property of a party prior to his death: *Held*, that the law would presume, in the absence of any evidence to the contrary, that it continued to be his up to the time of his death.

TITLE TO PROPERTY—DECLARATIONS OF OWNER.—The declaration of a party while in the possession of personal property that it belonged to him, and it being marked in his name, furnished some evidence in proof of his title.

DEMAND—WHEN NOT NECESSARY.—When property is taken by a party without the owner's knowledge or consent, or levied upon and sold under an execution against another party, no demand is necessary to enable plaintiff to maintain an action for its recovery.

POSSESSION OF PROPERTY—PRIMA FACIE EVIDENCE OF OWNERSHIP.—The mere possession of personal property is only *prima facie* evidence of ownership, and will not protect the purchaser buying on the faith of such possession against the claims of the true owner.

ESTOPPEL—MUST BE PLEAD.—Where a defendant relies upon the defense of estoppel, he must, in his answer, allege the facts constituting the estoppel.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda county.

The facts sufficiently appear in the opinion.

*T. W. W. Davies and A. W. Crocker*, for Appellants.

I. The court erred in not dismissing the action on the ground that no demand had been made before suit. (*Daumiel* v. *Gorham*, 6 Cal. 43; *Taylor* v. *Seymour*, 6 Id. 512; *Killey* v. *Scannell*, 12 Id. 73; *Ludley* v. *Hayes*, 1 Id. 160; *Paige* v. *O'Neal*, 12 Id. 483; *Moore* v. *Murdock*, 26 Id. 524.)

II. A person having possession of personal property should be held to be the owner, else an innocent person must suffer. (Chitty on Cont. 685, notes; *Poorman* v. *Mills*, 39 Cal. 353.)

III. The transfer of real estate constitutes a legal transfer of the personal property on said estate. (*Montgomery* v. *Hunt*, 5 Cal. 366; *Hodgkins* v. *Hook*, 23 Id. 581.)

IV. The goods will be presumed to be owned by the owner of the premises, even if the vendee's servant be on the premises, and also in possession of the goods. (Chitty on Cont. 7 Ed. 414.)

V. When one allows another to deal with his property as if it belonged to the latter, he is concluded thereby. (1 Green. Ev. sec. 207; *Hostler* v. *Hays*, 3 Cal. 307; Bouvier's Dic. Max. 129; C. C. Cal. sec. 1142; Hill. on Sales, 45.)

*Ellis & King, and M. A. Murphy,* for Respondents.

The estoppel relied upon against Hanson is not pleaded, and for that reason the defendants were not entitled to rely upon it. (*Lansing* v. *Montgomery*, 2 Johns. 382; *Crandall* v. *Gallup*, 12 Conn. 365; *Howard* v. *Mitchell*, 14 Mass. 241; *Isaacs* v. *Clarke*, 12 Vt. 692; *McNair* v. *O'Fallen*, 8 Mo. 188; *Lord* v. *Bigelow*, 8 Vt. 461; *Sharon* v. *Minnock*, 6 Nev. 377.)

By the Court, HAWLEY, C. J.:

This action was brought by the plaintiff, Hanson, to recover a certain lot of machinery for a quartz mill, consisting of an engine, boiler, etc., alleged to be the property of A. L. Page, deceased.

The cause was tried before the court without a jury. Judgment was rendered in favor of the plaintiff. The defendants moved for a new trial, which was refused. This appeal is from the judgment and from the order refusing a new trial.

1. The question whether the evidence sustains the findings cannot be considered because the findings of the court are not embodied in the statement on motion for a new trial. (*Alderson* v. *Gilmore*, *ante*, 84, and cases there cited.)

2. The documentary evidence contained in the transcript cannot be considered because not embodied in the statement or identified as required by the statute. (1 Compiled Laws, 1258; *Dean* v. *Pritchard*, 9 Nev. 232.)

3. There was, in our opinion, sufficient evidence on the part of plaintiff (although it was very slight) to sustain the action of the court in refusing to grant a nonsuit. It was not absolutely essential that the testimony upon the part of plaintiff should establish the title of Page by direct testi- mony that it was his property on the day of his death. If shown to be his property prior to that time the law would presume, in the absence of any evidence to the con- trary, that it continued to be his up to the time of his death, and that it belonged to the estate at the date of the com- mencement of this action. The declaration of Page, while in the possession of the property, that it belonged to him, taken in connection with the fact that it was marked in his name, furnished *some* evidence, at least, in proof of his title.

4. The principle of law that when one of two innocent parties must suffer loss by the fraudulent act of a third, he who enables such third party to occasion the loss must bear it, as decided in *Poorman* v. *Mills*, 39 Cal. 345, and other cases, has no application to the facts of this case. There is no testimony in the record that either Page, in his life- time, or his administrator, after his decease, consented to the taking of the property in question by the Alida S. M. Co.

5. If the property belonged to Page the taking possession of it, without his knowledge or consent, by the Alida S. M. Co., or the levying upon it and selling it under an execu- tion against the Alida S. M. Co., by the grantor of the de- fendants, was unlawful and no demand was necessary to en- able the plaintiff to maintain this action.

6. The testimony does not conclusively establish the fact, as claimed by appellants, that Page during his life-time sold the property to the Alida S. M. Co. It only shows that Murray, the superintendent of said company, "claimed that the deed from Page to the Alida S. M. Co. was in- tended to convey all of the property that he had in Alida, and that it did convey all such property;" that Higgs "al- ways claimed that the machinery for the new mill was in- cluded in the mortgage" to him and Travis; that he at one time had the possession of the property and offered to sell it, and that Murray instituted certain proceedings, by *man-*

*damus,* against Higgs, and thereby obtained possession of the property in controversy.

The statement sets forth the fact that the "peremptory *mandamus,*" the deed from "Page to the Alida S. M. Co.," and the mortgage from "Page to Higgs and Travis," was offered as rebutting evidence on the part of the plaintiff (although not in the statement or identified in the transcript so as to authorize us either to examine or consider the same), leaving the inference at least that these documents did not sustain the assertions and claims of the respective witnesses.

The mere possession of the personal property by the Alida S. M. Co. was only *prima facie* evidence of title, and did not protect the purchaser, buying on the faith of such possession, against the true owner of the property.

7. As none of the documentary evidence can be considered, the offered testimony of the witness Nicholas becomes immaterial, and it is therefore unnecessary to decide whether the court erred in refusing to admit it.

8. There is no testimony in the record that the defendants or their grantor were ever misled as to the ownership of the property, by any act of Page or of the plaintiff, so as to create an estoppel. If the defendants relied upon such a defense they ought to have alleged the facts constituting the estoppel in their answer.

The judgment of the district court is affirmed.