FARRIS *et al.* v. CASS AVENUE & FAIR GROUND RAILWAY COMPANY, *Appellant.*

1. **Negligence:** CHILD: STREET RAILWAY. Whether the driver of a street car, who sees a child under two years of age playing in the street within six feet of the track, and keeps a fast trot until he is within seven feet of the child, is guilty of negligence, is a question for the jury.

2. **Child:** CONTRIBUTORY NEGLIGENCE OF PARENT. Where a child under two years of age escaped, almost from under the eye of the

mother, after she had taken all precautions reasonably possible for a person in her circumstances and state of life, onto a street railway and was killed by a passing car: *Held,* there could be no contributory negligence in the case.

3. **Contributory Negligence**: ACTS OF CHILD. A child under two years of age is, by its own acts, incapable of contributory negligence.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leonard Wilcox* for appellant.

The petition fails to state a cause of action. *Harrison v. Railroad Co.,* 74 Mo. 369; *Gantrel v. Egerton,* 2 Com. P. (L. R.) 373; *Railroad Co. v. Marcott,* 41 Mich. 435; *Howser v. Melcher,* 40 Mich. 185; *Berry v. Stinson,* 23 Me. 140. The instruction to the effect that on the evidence plaintiff's could not recover, was erroneously refused. *Citizens' R'y Co. v. Carey,* 56 Ind. 403; *Chicago, etc., R. R. Co. v. Bradfield,* 63 Ill. 221; *Peoria, etc., v. Champ,* 75 Ill. 530; *Purl v. Railroad Co.,* 72 Mo. 172; Shearman & Redfield on Neg., §. 49; *Railroad Co. v. Smith,* 46 Mich. 510; *Callahan v. Warne,* 40 Mo. 136; *Hestonville Pass R. R. Co. v. Connell,* 88 Pa. St. 533; *Gavin a. Chicago,* 97 Ill. 71; *Unger v. Railway Co.,* 57 N. Y. 497; *Railroad Co. v. Bradfield,* 63 Ill. 222; *Zimmerman v. Railroad Co.,* 71 Mo. 489; *G. R., etc., R. R. Co. v. Huntley,* 38 Mich. 540; *Maher v. Railroad Co.,* 64 Mo. 275; *Bell v. Railroad Co.,* 72 Mo. 61; *Henze v. Railroad Co.,* 71 Mo. 638; *Culhane v. Railroad Co.,* 60 N. Y. 138; *McKeevey v. Railroad Co.,* 25 Ala. L. J. 335; *Goshorn v. Smith,* 92 Pa. St. 438; *Holman v. Railroad Co.,* 62 Mo. 564; *Harlan v. Railroad Co.,* 64 Mo. 483; *Wallace v. Railroad Co.,* 74 Mo. 597. The court's instruction on contributory negligence was erroneous. *Wright v. Railroad Co.,* 4 Allen 283; *I. M. & I. R. R. Co. v. Brown,* 49 Ind. 154; *Boland v. Railroad Co.,* 36 Mo. 489; *In re Hagan,* 7 Cent. L. J. 313; *Koons v. Railroad Co.,* 65 Mo. 592; *Bellefontaine R. R. Co. v. Snyder,* 24 Ohio St. 670; *Karle v. Rail-*

*road Co.*, 55 Mo. 482. The court erred when instructing the jury upon the whole case, in not telling them what facts, if proved, would constitute negligence. *Wyatt v. Railroad Co.*, 62 Mo. 411; *Goodwin v. Railroad Co.*, 75 Mo. 73; *Boland v. Railroad Co.*, 36 Mo. 519; *Tarwater v. Railroad Co.*, 42 Mo. 196; *Railroad Co. v. Armstrong*, 52 Pa. St. 285; *Masheck v. Railroad Co.*, 71 Mo. 276.

*Broadhead, Slayback & Haeussler* and *E. J. O'Brien* for respondent.

It is well settled that managers of street cars owe it as a duty to the public to observe due caution in traveling the streets of a city. *Huelsenkamp v. Citizens' R. R. Co.*, 37 Mo. 553; 62 Mo. 408; *Wyatt v. Citizens' R. R. Co.*, 55 Mo. 485. The child was too young to be guilty of contributory negligence. *Miller v. Tunnel Co.*, 7 Cent. L. J. 312, 313; *Fricke v. Railroad Co.*, 75 Mo. 543, 595; *O'Flaherty v. Union R. R. Co.*, 45 Mo. 70; *Isabel v. Railroad Co.*, 60 Mo. 475; *Peterson v. Stuart*, 8 Cent. L. J. 76. The parents of the child were not guilty of negligence. The question of negligence was one for the jury. *Brown v. Railroad Co.*, 50 Mo. 466; *Dale v. Railroad Co.*, 63 Mo. 455, 460; *Buesching v. Gaslight Co.*, 73 Mo 219.

RAY, J.—This suit was commenced and tried in the circuit court of the city of St. Louis, where the plaintiff had a verdict and judgment, from which the defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, from which the defendant has appealed to this court.

The opinion of the court of appeals, affirming said judgment, is contained in the record, and is as follows:

" This is an action for damages for killing the child of plaintiffs. There was a verdict and judgment for plaintiffs. There was evidence tending to show that at the date of the occurrence a car of defendant's line was being driven west,

on Cass avenue, near Seventeenth street, on a slightly down grade, on the afternoon of a summer day. The neighborhood is a populous one, inhabited by persons of the poorer class, and children are often playing there in the street. The car was going at the rate of six to seven miles an hour, at a fast trot. The rate of speed was unusual in the locality, and such as to attract the attention of witnesses from the unusual noise made by the car. The child of plaintiffs was standing in the street, about six feet from the car-track, and half way between the track and curb, and was first observed by the driver when he was about half way a square, or 150 feet off. The driver did not slacken speed. When the horses got within about seven feet of the child, it ran toward the track and was trampled upon by the horses. The driver did all in his power to stop the car when the child moved toward the track. But it was then too late. The child was under two years old at the date of the accident. It had escaped from the enclosure of the parents, without any fault on their part. It died next day from the injuries received. An instruction in the nature of a demurrer to the evidence was properly refused. What is ordinary care and what is negligence, are inquiries to be answered, in most cases, by the jury. *Kennedy v. N. Mo. R. R. Co.,* 36 Mo. 351. It cannot be declared as a matter of law, that it is not negligence in the driver of a street car, who sees a child under two years old playing in the street, within six feet of the track, to keep a **fast trot** until within seven feet of the child, on the theory that the child, perhaps, will not be frightened and confused by the noise of a street car approaching at the rate of six or **seven** miles an hour. There was no question of contributory negligence in the case. The evidence is clear and uncontradicted that the child escaped, almost from under the eye of his mother, after she had taken all precautions reasonably possible for a person in her circumstances and state of life.

The cause was submitted to the jury on the following

instructions, the first of which was given by the court of its own motion, the second was given at the instance of defendant.

'If you believe from the evidence produced before you, that on or about the 21st day of June, 1877, the defendant corporation was operating a street railroad, running for part of its course along Cass avenue, in the city of St. Louis, and, at the time aforesaid, the driver in charge of one of defendant's cars, and then in the employ of the defendant as such driver, was negligently and carelessly driving the team attached to said car, along said street, and that by reason of said negligence and careless driving, and as a direct consequence thereof, such team, or car, run upon and injured Edward Farris, the infant son of plaintiffs, and that he, the said Edward, died, as the result of such injury, then the plaintiffs are entitled to a verdict at your hands; provided you further find from the evidence that the plaintiffs did not negligently contribute to such injury by knowingly allowing, or negligently permitting, their child to go unattended upon the public street, where defendant's cars were constantly running; and you are instructed that if the plaintiffs did so knowingly or negligently allow their child to stray upon said street where and . at the time he received said injury, such **fact** shows culpable carelessness on their part, and constitutes such contributory negligence as will prevent a recovery by them in this action, unless, notwithstanding such negligence on their part, the defendant's driver might have prevented the injury to the child by the exercise of ordinary care and watchfulness.

'In determining whether the driver of defendant negligently and carelessly drove his car, or whether the injury to the child was occasioned by his negligent and careless driving, you are to consider all the attending facts and circumstances, but you are in no wise at liberty to presume negligence or carelessness on his part from the mere happening of the accident. These are facts which require .

affirmative proof, and the burden of showing them, as well as the want of contributory negligence on the part of plaintiffs, rests with the plaintiffs.

'And in determining whether the plaintiffs contributed, by their negligent custody and care of their child, to its injury and death, you are to consider whether or not they exercised that degree of caution, care, and watchfulness over their child in keeping him off the street, and out of danger, which was reasonable and proper for parents in their circumstances of life. If the child at the time of the injury complained of had not arrived at two years of age, you are not to consider his acts in determining whether or not there was contributory negligence on the plaintiffs' part, as no negligence can be attributed to so young a child. If you believe any witness has sworn falsely to any material fact in this case you are at liberty to disregard all his evidence. If, under these instructions, you find the issues for the plaintiffs, you will assess their damages in the sum of $5,000. The court instructs the jury that the defendant is not to be held liable in this case simply because the plaintiffs' child was injured by their horses or car, while the same was being driven along a public street in the city, but that defendant's liability depends on the question whether or not its driver was guilty of a want of ordinary care in the management of said horses and car at the time of the accident; and if the jury believe, after considering all the evidence in this case, that defendant's driver was exercising as much care, and giving as close attention to his business at the time of the accident as could be reasonably expected from a man of ordinary sense and judgment, and of ordinary skill as a driver in the same situation, then the jury will find for defendant.'

"The instructions seem to have presented the law of the case to the jury in a manner of which appellant has no reason to complain. What is said in the instructions as to contributory negligence could in no wise prejudice the appellant. There could be no contributory negligence on

the part of so young a child, even it be conceded that the presence of so young a child unattended on a public street, was *prima facie* evidence of neglect on the part of his parents if unexplained. The explanation was complete and there was no controversy about it.

" The father was a laboring man, and the mother could afford no servant. The gate of the yard was kept fastened with a latch beyond the child's reach. The mother was working and the child playing, in the next room, with the door open between them. As soon as the mother ceased to hear the child in the next room she went out after it. But some children had unlatched the gate and she met her husband bringing the child home after the accident.

" Thirteen instructions asked for defendant were refused. Most of these were directed to the question of contributory negligence, and were in manifest contradiction with the law of this State, as repeatedly declared by the supreme court and by this court, (*Mascheck v. St. L. R. R. Co.*, 3 Mo. App. 600; *O'Flaherty v. Union Railway Co.*, 45 Mo. 70), or were not supported by any evidence in the case. An instruction to the effect that the driver was bound in discharge of a duty to the traveling public, not to slacken speed, except in cases of necessity, and that no such necessity arose in this case until the child attempted to cross the track, was properly refused. The judgment is affirmed. Judge Hayden concurs; Judge Lewis is absent.

A. Bakewell."

We have carefully examined this opinion, the authorities cited, the pleadings and evidence in the cause, and believe it to be a correct and satisfactory disposition of the case and the questions involved. We have also considered the briefs and arguments of counsel in this court, but find therein no cause to change that opinion. Substantially the same views are expressed by this court in recent cases, very much like this. *Frick v. St. L., K. C. & N. R'y. Co.*, 75 Mo. 542.

There being no error in the record, the judgment of the St. Louis court of appeals affirming that of the circuit court is therefore affirmed. All concur.